# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| CHRISTOPHER DEE COTTON | § | Case No. 14-30287 |
| ALLISON HEDRICK COTTON | § | Chapter 13 |
| | § | |
| Debtors | § | |
| | § | |
| CHRISTOPHER DEE COTTON, | § | |
| ALLISON HEDRICK COTTON, | § | Adv. Proceeding No. 17-03056 |
| IGNACIO PEREZ, and | § | |
| GABRIELA PEREZ, | § | District Court Case No. 18-00499 |
| *on behalf of themselves and all* | § | |
| *others similarly-situated*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| WELLS FARGO & CO. and | § | |
| WELLS FARGO BANK, N.A. | § | |
| | § | |
| Defendants. | § | |

## DECLARATION OF DAVID R. BADGER

I, David R. Badger, declare, under penalty of perjury, pursuant to 28 U.S.C. §1746, that the following is true and correct:

1. My name is David R. Badger. I am in the private practice of law with an office in Charlotte, North Carolina. I am a member of the law firm David R. Badger, P.A.

2. I have been admitted to practice law in North Carolina since 1972. I graduated from the University of North Carolina in 1969, with a B.A. in Political Science and English. I received my Doctor of Jurisprudence degree from the University of North Carolina School of Law in 1972.

DECLARATION OF DAVID R. BADGER
Draft 02.11.2019 10:19 a.m. PAGE 1
Case 3:18-cv-00499-RJC   Document 12-3   Filed 02/18/19   Page 2 of 8

3. I am admitted to practice before all federal district courts in the State of North Carolina, as well as the Fourth Circuit Court of Appeals and the Supreme Court of the United States.

4. I have practiced in all statewide divisions of the United States Bankruptcy Courts in North Carolina. My curriculum vitae is attached hereto as Exhibit A.

5. I have testified as an expert on attorneys' fees in the Charlotte, North Carolina area in the United States Bankruptcy Court for the Western District of North Carolina.

6. I have reviewed Plaintiffs' Second Amended Complaint, with exhibits, Plaintiffs' Motion for Certification of Settlement Class and Preliminary Approval of Class Action Settlement Pursuant to Fed. R. Civ. P. 23 and Fed. R. Bankr. P. 7023, and exhibits thereto, the Bankruptcy Court's Order Preliminarily Approving Settlement and Providing for Notice, Plaintiffs' Motion for Attorneys' Fees and Non-Taxable Costs and Class Representative Service Awards, and the memorandum in support of same, and all exhibits attached thereto.

7. I am knowledgeable of the customary hourly rates of attorneys in Charlotte, North Carolina with the special expertise, skill, and financial strength necessary to undertake cases of the complexity, duration, and difficulty of the instant matter. The customary non-contingent hourly rate for attorneys with similar skills, expertise, reputation and responsibilities range from $425.00 to more than $650.00 per hour without enhancement for risk, exceptional results, or other enhancement factors. Accordingly, the fee rates for the attorneys in this case are well within the range of a reasonable fee for the legal services provided. As shown below, the rates Class Counsel billed at in this litigation is in line with and even lower than customary rates for Charlotte, North Carolina attorneys of similar skills, expertise, reputation and responsibilities.

**DECLARATION OF DAVID R. BADGER**
**Draft 02.11.2019 10:19 a.m.** **PAGE 2**
Case 3:18-cv-00499-RJC   Document 12-3   Filed 02/18/19   Page 3 of 8

8. It is also my opinion that any hourly rates for Kellett & Bartholow PLLC should be based on national rates, or at least the rates that have been approved for them in their home of Dallas, Texas and other jurisdictions, because attorneys in Charlotte do not bring this type of litigation. In truth, although other attorneys in Charlotte may have the litigation skills necessary to bring a nationwide class action of this type, such other attorneys, especially consumer debtor attorneys, simply don't bring cases of this type due to the highly specialized area addressed by this type of litigation, the skill necessary to bring a case like this, the overwhelming risks in bringing chapter 13 bankruptcy nationwide class-action cases, and the immense costs involved in attorneys' fees and expenses.

9. As set forth in Ms. Kellett's and Mr. Bartholow's declarations, the rates their firm billed in this nationwide class action are the same rates that have been approved of in the Northern District of Texas (Dallas), the Southern District of Texas.

10. It is also my opinion that the hourly rate for work done in a case like the one here should be greater than the non-contingent hourly rates paid by fee-paying clients on a regular billing cycle. Attorneys handling cases of this type are highly skilled and can attract representation of fee-paying clients who need such skills on their behalf in other fields of law. If the hourly rates awarded to such attorneys are less than that which they can receive in other areas of law with no contingent risk or delay, skilled lawyers will become unavailable to consumers in or formally in chapter 13 proceedings, especially in costly and complex actions such as the instant case.

11. This type of case requires an expansive commitment of time and resources that often precludes the handling of other legal business that would provide greater income on a

**DECLARATION OF DAVID R. BADGER**
**Draft 02.11.2019 10:19 a.m.** **PAGE 3**
Case 3:18-cv-00499-RJC   Document 12-3   Filed 02/18/19   Page 4 of 8

more regular basis. Class Counsel also has certain ongoing obligations under the terms of the settlement, including the duty to represent class members after approval of the Settlement Agreement.

12. Thus, it is my opinion that the following hourly rates for Class Counsel, which are the rates that they billed at in this case, are at the low end of the reasonable range and are appropriate for the type of legal services provided in this case.

| ATTORNEY | YEARS IN PRACTICE | HOURLY RATE |
|---|---|---|
| Karen Kellett (partner) | 32 | $500 |
| Thad Bartholow (partner) | 17 | $400 |
| O. Max Gardner III (of counsel) | 45 | $500 |
| Caitlyn Wells (associate) | 10 | $350 |
| Megan Clontz | 5 | $250 |
| Derick Henderson | 10 | $350 |
| Abelardo Limon, Jr. | 32 | $210 |
| Myra Ali (para-professionals) | | $100 |
| Todd Cohen (para-professionals) | | $100 |
| Megan Parry (para-professionals) | | $100 |
| Randi Daun (para-professionals) | | $100 |

13. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

**DECLARATION OF DAVID R. BADGER**
**Draft 02.11.2019 10:19 a.m.**   **PAGE 4**
Case 3:18-cv-00499-RJC   Document 12-3   Filed 02/18/19   Page 5 of 8

Executed on February 13, 2019.

/s/ [signature]

**DECLARATION OF DAVID R. BADGER**
**Draft 02.11.2019 10:19 a.m.**                                                                                           **PAGE 5**
Case 3:18-cv-00499-RJC   Document 12-3   Filed 02/18/19   Page 6 of 8

## Education

University of North Carolina 1969
University of North Carolina Law School 1972

## Bar Memberships

North Carolina Bar Association (NCBA)
North Carolina Advocates for Justice (NCAJ)
Mecklenburg County Bar (NC)
American Bankruptcy Institute (ABI)
National Association of Consumer Bankruptcy Attorneys (NACBA)

## Honors and Awards

NCBA Bankruptcy Section Lifetime Achievement Award (2017)
Top Ranked Bankruptcy Attorney in Charlotte, North Carolina
Top 25 Lawyers in Charlotte, North Carolina
Top 100 Attorneys in North Carolina
Super Lawyers 2007 – 2019
Best Lawyers Litigation Bankruptcy Since 2011
Martindale-Hubbell Preeminent AV Rating
Co-Founder and Initial Chairman, NCAJ Consumer Areas of Practice Section
NCBA Co-Founder and Past Chairman, Bankruptcy Section
American Board of Certification Board Certified Bankruptcy Specialist

## Seminar Presentations

2000  *Advanced Consumer Bankruptcy Issues in North Carolina*
      David R. Badger and (Judge) Ben A. Kahn

2001  *Advanced Consumer Bankruptcy Issues in North Carolina – IV Ethics*
      National Business Institute

2002  *Automatic Stay*
      25th Annual Bankruptcy Institute
      David R. Badger and Franklin Drake

2003  *Bankruptcy and the Domestic Litigator*
      Mecklenburg County Bar Family Law Seminar

2006  *Domestic Issues Post-BAPCPA*
      Mecklenburg County Bar

2007  *The Bankruptcy Court – The Ultimate Court of Domestic Appeals*
      North Carolina Bar Association Consumer Bankruptcy Law
      David R. Badger and Richard S. Wright

2008  *Bankruptcy and the Domestic Litigator*
      North Carolina Academy of Trial Lawyers

2009  *Objections to Discharge*
      Western District of North Carolina Annual Seminar
      David R. Badger and Constance Young

2011  *Ethics – Dealing with Difficult Clients and Difficult Attorneys*
      North Carolina Bar Association – Annual Instituet
      David R. Badger and Linda W. Simpson

2013  *Family Law and Bankruptcy from Stem to Stern*
      National Association of Consumer Bankruptcy Attorneys Annual Convention
      David R. Badger and Radmilla A. Fulton

2015  Panel – *Expecting the Unexpected: Unusual Domestic Relations Law Issues in Bankruptcy*
      American Bankruptcy Institute Annual Seminar
      David R. Badger, Chip Bowles, Justin Little, and Hon. C. Ray Mullins

2017  *Proving Valuations*
      North Carolina Bar Association Annual Bankruptcy Institute
      David R. Badger and Franklin Drake

2018  *Ethics and Litigation – How to Get Into Trouble and What to Do*
      Max Gardner's Boot Camp
      David R. Badger and Linda W. Simpson

2018  *The Ethics of Difficult Clients*
      North Carolina Bar Association Annual Bankruptcy Institute
      David R. Badger and Franklin Drake

2018  *The Ethics of Difficult Clients and Despicable Opponents*
      Western District of North Carolina Annual Bankruptcy Seminar
      David R. Badger