UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00499-RJC

| | |
|---|---|
| In re: ) | |
| ) | |
| CHRISTOPHER DEE COTTON ) | Case No. 14-30287 |
| ALLISON HEDRICK COTTON ) | Chapter 13 |
| ) | |
| Debtors ) | |
| ) | |
| CHRISTOPHER DEE COTTON ) | |
| and ) | ADVERSARY NO. 17-03056 |
| ALLISON HEDRICK COTTON, ) | |
| on behalf of themselves and all ) | |
| others similarly-situated, ) | |
| ) | |
| IGNACIO PEREZ ) | |
| And ) | |
| GABRIELA PEREZ, ) | |
| On behalf of themselves and all ) | |
| others similarly-situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| WELLS FARGO & CO. and ) | |
| WELLS FARGO BANK, N.A. ) | |
| ) | |
| Defendants. ) | |

## ORDER

**THIS MATTER** is before the Court on two pending motions: (1) Plaintiffs' Motion for Final Certification of Settlement Class and Final Approval of Class Action Settlement, (Doc. No. 10); and (2) Plaintiffs' Motion for Attorneys' Fees and Non-Taxable Costs and Class Representative Service Awards, (Doc. No. 4); and the

1

Parties' associated briefs and exhibits. The Court will address each motion in separate parts of the Order.

I. FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing on the application of the Parties for approval of the Settlement Agreement and Release dated August 31, 2018 (the "Agreement"). On November 2, 2018, the United States Bankruptcy Court for the Western District of North Carolina (the "Bankruptcy Court") granted preliminary approval to the proposed class action settlement set forth in the Agreement between Plaintiffs Christopher Dee Cotton, Allison Hedrick Cotton, Ignacio Perez, and Gabriela Delfina Perez (the "Class Representatives"), on behalf of themselves and all members of the Class, and Defendant Wells Fargo Bank, N.A ("Wells Fargo Bank," and, collectively with Defendant Wells Fargo & Co., the "Defendants"). The Bankruptcy Court also provisionally certified the Class for settlement purposes and approved the procedure for giving Class Notice to the members of the Settlement Class. This Court granted the Parties' Joint Motion to Withdraw the Bankruptcy Reference and set a Final Approval Hearing to take place on March 4, 2019 (Doc. No. 6). This Court finds that the Class Notice substantially in the forms approved by the Bankruptcy Court in the Preliminary Approval Order was given in the manner ordered by the Bankruptcy Court, constitutes the best practicable notice, and was fair, reasonable, and adequate.

On March 4, 2019, this Court held a duly noticed Final Approval Hearing to consider, among other things: (1) whether to certify the Class for settlement

purposes; (2) whether the terms and conditions of the Agreement are fair, reasonable and adequate; (3) whether a judgment should be entered dismissing the Class Representatives' Released Claims on the merits and with prejudice; and (4) whether and in what amount to award attorneys' fees and expenses to Class Counsel for the Class.

**IT IS THEREFORE ORDERED that:**

1. **Definitions.** This Judgment incorporates by reference the definitions in the Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Agreement.

2. **Jurisdiction.** This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Class, and venue in this Court is proper.

3. **No Merits Determination.** By entering this Order, the Court does not make any determination as to the merits of this case.

4. **Settlement Class.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies, for settlement purposes only (and for no other purpose and with no other effect upon the Action, including no effect upon the Action should the Effective Date not occur), this Action as a class action, with the Class defined as those individual borrowers who (i) maintained a home mortgage loan owned or serviced by Wells Fargo Bank, (ii) are currently or were formerly in a Chapter 13 bankruptcy case, and (iii) were solicited by Wells Fargo Bank for a No-Application Modification within 120 days prior to or any date after

the filing of the petition for the Chapter 13 bankruptcy or the date of conversion of a Chapter 7, 11, or 12 bankruptcy to a Chapter 13 bankruptcy, and prior to final dismissal or discharge of such Chapter 13 bankruptcy case.  The Court finds, for settlement purposes only, that class certification under Fed. R. Civ. P. 23(b)(3) is appropriate in that, in the settlement context:  (a) the Members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of the Class Representatives are typical of the claims of the Class; (d) the Class Representatives and their counsel will fairly and adequately represent and protect the interests of the Class Members; (e) the class is ascertainable; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. **Designation of Class Representatives and Class Counsel.**  The Court confirms the prior appointments of the Plaintiffs Christopher Dee Cotton, Allison Hedrick Cotton, Ignacio Perez, and Gabriela Delfina Perez as Class Representatives, and Theodore O. Bartholow, Karen L. Kellett and O. Max Gardner (of counsel) of Kellett & Bartholow PLLC, Derick Henderson of Sigmon & Henderson, PLLC, and Abelardo Limon of Limon Law Office as Class Counsel.

6. **Settlement Approval.**  Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Agreement and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Parties.  The Court further finds that the Settlement set forth in the Agreement is the result of

good faith arm's-length negotiations between experienced counsel representing the interests of the Parties. Accordingly, the Settlement embodied in the Agreement is hereby finally approved in all respects, there is no just reason for delay, and the Parties are hereby directed to perform its terms.

7. **Dismissal with Prejudice.** Final Judgment is hereby entered with respect to the Released Claims of all Settlement Class Members, and the Released Claims in the Action are hereby dismissed in their entirety with prejudice. The Amended Complaint is dismissed, and the Action shall be closed. All claims in the Action are dismissed. Nothing herein is intended to waive or prejudice the rights of Class Members who have timely excluded themselves from the Class, as identified in Exhibit E of the Declaration of James Parks Regarding Class Notification and Settlement Administration filed with the Court on February 18, 2019. *See* Doc. No. 11-10 at 41.

8. **Releases.** The releases as set forth in Section 10 of the Agreement together with the definitions in Sections 1.1–1.57 relating thereto are expressly incorporated herein in all respects and made effective by operation of this Judgment. The Court hereby approves the release provisions as contained and incorporated in Section 10 of the Agreement, including but not limited to the definitions of Released Claims, Releasors, Releasees and Unknown Claims. The Releasors shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims (including Unknown Claims) against the Releasees.

9. **Permanent Injunction.** The Releasors, including the Class Representatives and all Settlement Class Members, and anyone claiming through or on behalf of any of them, are forever barred and enjoined from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action or any proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind (whether within the United States or not), either directly, representatively or in any other capacity, asserting any of the Released Claims (including Unknown Claims) against any of the Releasees. The Releasors further are forever barred and enjoined from organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, or persons who would otherwise fall within the definition of Settlement Class Members but who have requested to be excluded from the Settlement Class, in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint or counterclaim to include class allegations, or seeking class certification in a pending action in any jurisdiction based on or relating to any of the Released Claims).

10. **Approval of Class Notice.** The form and means of disseminating the Class Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of the proceedings and the matters set forth therein, including the

proposed Settlement set forth in the Agreement, to all persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution.

11. **Attorneys' Fees and Expenses.** Part II of this Order regarding the Attorneys' Fees and Expenses application shall in no way disturb or affect this Judgment and shall be considered separate from Part I of this Order entering Final Judgment.

12. **Use of Order.** Neither this Order, the fact that a settlement was reached and filed, the Agreement, nor any related negotiations, statements or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Defendants. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. In no event shall this Order, the fact that a settlement was reached, the Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used as an admission of, or evidence of, any fault or omission of Defendants in any action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Agreement.

13. **Continuing Jurisdiction.** Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the administration,

consummation, enforcement, and interpretation of the Agreement, the Final Judgment, and for any other necessary purpose, including to ensure compliance with the Protective Orders.

14. **Termination of Settlement.** In the event that the Settlement does not become effective in accordance with the terms of the Agreement, or the Agreement is terminated pursuant to Section 13 of the Agreement, the Parties shall be restored to their respective positions in the Action prior to the execution of the Agreement, the certification of the Settlement Class shall be automatically vacated, and this Judgment shall be rendered null and void (except Paragraph 13 of this Order shall remain in effect) to the extent provided by and in accordance with the Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

15. **Implementation of the Agreement.** The Parties are hereby authorized to implement the terms of the Agreement.

16. **Reasonable Extensions.** Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

17. **CAFA Notice.** Defendants have provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. § 1715.

18. **Class Notice List.** No later than thirty (30) days after the Effective Date (as defined in the Agreement), the Settlement Administrator shall file with this

Court, under seal (in order to protect the names and addresses of Class Members), a list of the names and addresses of all Members of the Class to whom the Class Notice was sent.

19. **Preservation.** Upon the Effective Date, the Defendants shall have no obligation to preserve documents and evidence with respect to Released Claims for purposes of the Action, and the Class Representatives and Class Counsel may not pursue any spoliation claims or other actions or sanctions against Defendants with respect to documents or evidence related to the Released Claims.

20. **Entry of Final Judgment.** There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is hereby directed.

## II. ORDER GRANTING CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES, NON-TAXABLE COSTS, AND CLASS REPRESENTATIVE SERVICE AWARDS

Also before the Court is Class Counsel's Motion for Attorneys' Fees, Non-Taxable Costs, and Class Representative Service Awards, (Doc. No. 4) (the "Motion"). The Motion stems from Class Counsel's work in connection with the settlement of the above-captioned class-action proceeding. Class Counsel requests that the Court award Class Counsel $4,562,704.18, representing 33% of the common fund in this case, as well as litigation expenses in the amount of $54,466.77, and service awards to the four class representatives in the amount of $10,000.00 each, totaling $40,000.00. (Doc. No. 4 at 2; Doc. No. 5 at 7). This Court considers the pleadings filed, the evidence presented, and all relevant statutes, rules, and caselaw to

9

determine whether Class Counsel is entitled to the attorneys' fees requested in the Motion.

For the reasons stated on the record and in the parties' briefs, the Court finds that Class Counsel's request for $4,562,704.18 in attorneys' fees and $54,466.77 in expenses is reasonable, as is the $10,000.00 service award for each of the four class representatives.

## III. CONCLUSION

**IT IS THEREFORE ORDERED that:**

1. Plaintiffs' Motion for Final Certification of Settlement Class and Final Approval of Class Action Settlement, (Doc. No. 10), is **GRANTED**. Specifically, Final Judgment is hereby entered with respect to the Released Claims of all Settlement Class Members, and the Released Claims in this Action are hereby dismissed in their entirety with prejudice;

2. Plaintiffs' Motion for Attorneys' Fees and Non-Taxable Costs and Class Representative Service Awards, (Doc. No. 4), is **GRANTED**. Specifically:

    i. The Court awards Class Counsel attorneys' fees in the amount of $4,562,704.18;

    ii. The Court awards Class Counsel expenses in the amount of $54,466.77;

    iii. The Court approves a service award for each class representative in the amount of $10,000.00; and

3. The Clerk of the Court is directed to close this Action.

Signed: March 14, 2019

Robert J. Conrad, Jr.
United States District Judge